## HAMLIN *vs.* ROGERS, WORSHAM & COMPANY.

Where a promissory note was for the principal sum of $101.25, together with ten per cent. attorneys' fees if suit should be instituted, and afterwards a mortgage was executed to secure the payment of the note, in which a covenant was engrafted that, in case such mortgage should be foreclosed, fifty per cent. should be added for attorneys' fees and expenses, upon a foreclosure, no greater recovery could be had for attorneys' fees than ten per cent.; but if the mortgagees desire to recover more than this for a breach of the covenant in the mortgage, they should bring a separate action therefor. It was, therefore, error, on the trial of an issue raised by affidavit of illegality under the foreclosure of the mortgage, to admit testimony as to what was a reasonable fee for making the

foreclosure, and what for conducting the case through the trial then in progress.

(a) The verdict having been for $15 more attorneys' fees than was proper, the judgment is affirmed, with directions that the court below require the plaintiffs to write off that amount from the judgment, or, if they refuse to do so, that a new trial be granted.

February 13, 1888.

Attorney and Client. Mortgages. Actions. Verdict. Evidence. Covenants. Practice in Superior Court. Practice in Supreme Court. Before Judge HARRIS. City Court of Macon. March Term, 1887.

The mortgage in this case contained the following covenant:

"Provided, nevertheless, that the above bill of sale shall be void if I pay to the said Rogers, Worsham & Co., their heirs or assigns, one written obligation described as follows, to-wit: Dated this day and due October 1, 1885, for $101.25, and signed by me, value received, waiving all homestead and exemption given me by the constitution and laws of the State of Georgia in favor of this debt.

"And it is distinctly understood that the party or parties signing this mortgage do expressly waive all right or claim to any exemption or homestead, or twelve months' support in case of death, for my wife, my children or heirs given me by the laws or constitution of Georgia in or to said property, in favor of said debt above mentioned; and that, in case this mortgage has to be foreclosed, fifty per centum is to be added to the principal of said debt above described, for attorneys' fees and expenses."

LOFTON & MOORE, for plaintff in error.

J. T. NISBET; P. W. EDGE, for defendants.

BLANDFORD, Justice.

Hamlin executed his promissory note payable to Rogers, Worsham & Co., as agents of John Merryman & Co., for $101.25 principal, together with ten per cent. for attorneys' fees in case suit should be instituted. He afterwards executed to the same parties a mortgage upon certain property to secure the payment of this note; and into the

Hamlin *vs.* Rogers, Worsham & Company.

mortgage a covenant was engrafted, that in case the mortgage should be foreclosed, fifty per cent. should be added for attorneys' fees and expenses. This mortgage was foreclosed for the principal amount of the note, and fifty per cent., the amount expressed in the mortgage, for attorneys' fees and expenses. Execution issued and was levied upon the property described in the mortgage. Hamlin interposed an affidavit of illegality, the main ground of which was that the mortgage could not be foreclosed for the fifty per cent. expressed in the mortgage, and that the plaintiffs could only collect the ten per cent. expressed in the note.

Upon the trial, the court allowed the plaintiffs to introduce testimony to show what were reasonable attorneys' fees in such a case. Mr. Dessau, an attorney at law, was introduced as a witness, and testified that $10 was a reasonable fee for the foreclosure and $15 a reasonable fee for conducting the case through the trial then in progress; making $25 in all. A verdict was had for the plaintiffs for the amount of the note and $25 attorneys fees. A motion for new trial was made, which was refused, and the plaintiff in error excepted.

One of the main grounds of the motion was, that the court erred in allowing the testimony of Mr. Dessau as to attorneys' fees. We think the court erred in admitting this testimony. The mortgage was given to secure the payment of the note, and the note specified ten per cent. attorneys' fees. There could be no greater recovery than ten per cent. for attorneys' fees. If the plaintiffs desire to recover more than this, for a breach of the covenant of the mortgage, they must bring a separate action. It could not be recovered upon the foreclosure of the mortgage in this manner.

We think the verdict of the jury is for $15 too much; but this is a small case, and we affirm the judgment with directions to the court below to require the plaintiffs to write off $15 from the judgment; if they refuse to do this, the court is directed to grant a new trial.

Judgment affirmed with directions.